In the Matter of PHILIP M. SMITH, an Attorney, Respondent. ROCKLAND COUNTY BAR ASSOCIATION, Petitioner.

Second Department, July 6, 1970.

*David Coral* for petitioner.

*Philip M. Smith,* respondent in person.

*Per Curiam.* In this disciplinary proceeding the petitioner now moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report. In sum, the petition alleged that the respondent was guilty of professional misconduct in that he used trust funds, retained by him on behalf of a client, for his own purposes and that he issued two checks to the client in restitution which were returned for insufficient funds.

Mr. Justice McCullough found that the charges as alleged in the petition were supported by the evidence and, in an affidavit submitted in connection with the motion to confirm, the respondent states that he is '' in full accord with the findings ''.

The respondent testified at the hearing that at the time of this occurrence he was attempting to set up a brokerage business and, therefore, did not pay careful attention to the affairs of his law practice, including the special bank account; and that as a result he commingled the funds and wound up with a shortage in the account. The reporting Justice stated in his report that the record indicates that the respondent was '' drawing checks on this account for routine business expenses '' and further found that, while the respondent drew checks on his special account at a time when he knew there were insufficient funds in the account to cover the checks, he did so believing there would be adequate funds by the time the checks were presented for payment and that, in fact, he promptly thereafter made arrangements to cover the dishonored checks.

In our opinion, the charges were fully sustained by the proofs and, accordingly, the report finding that the charges were established should in all respects be confirmed.

It is evident that the respondent has been guilty of professional misconduct. In determining the discipline to be imposed, however, we have taken into consideration the facts that there was no intent to defraud the client or to deprive him of the money to which he was entitled, the client received full restitution (except for $71 which is the subject of controversy) within a short time after the conversion and prior to any complaint having been made to the petitioner, this appears to have been an isolated incident and not part of a general pattern or course of

conduct, this is the first time a complaint has been lodged against him in connection with his professional activities, and he was completely forthright and co-operated fully with the court and with the petitioner's Committee on Grievances. Under the circumstances, we are of the opinion that censure is an appropriate measure of discipline. Accordingly, the petitioner's motion to confirm the report should be granted and an order should be made censuring the respondent.

CHRIST, P. J., RABIN, HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Petitioner's motion granted and respondent is herewith censured for the conduct of which he has herein been found guilty.